## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Sean H. Rios, being duly sworn, depose and state:

### Introduction

1. I am an investigative or law enforcement officer of the United States, within the meaning of Section 2510(7) of Title 18, *United States Code*, and am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, *United States Code*.

2. I am a Special Agent (SA) with the Drug Enforcement Administration (DEA) and have been so since April 26, 2023. I am currently assigned to the Caribbean Division, Ponce District Office, HIDTA Group-3 in Hormigueros, Puerto Rico. Prior to my employment with the DEA, I was employed by the United States Army Reserves (USAR) for 21 years as a military officer, reaching the rank of Major. As an Army officer, I acted as a liaison between the Army and civilian authorities and populations. Performing strategic and tactical civil affairs operations and combined armed forces, both overt and covert, in peacetime or when activated for crisis or war. On August 8, 2008, I was employed by the Philadelphia Police Department in Philadelphia, PA, as a Commissioned Law Enforcement Officer where I received extensive training in law enforcement procedures, evidence handling, use of force applications, investigative techniques, crisis management, and certification as a Mental Health Peace Officer. In April 2017, I reached the rank of Detective, where I investigated various crimes from aggravated

assaults to robberies, burglars, thefts and narcotic violations. In April 2020, I was assigned to the Homicide Unit, investigating complex murder investigations, until November 21, 2022.

3. I have conducted and assisted in investigations into the unlawful possession, possession with the intent to distribute, distribution of controlled substances, importation of controlled substances, and the associated conspiracies in violation of Title 21, *United States Code*, Sections 841(a)(1), 843(b), 846, 952, and 963. I have received detailed instructions and conducted various complex investigations concerning the unlawful importation and distribution of controlled substances, the laundering and concealment of drug proceeds, the illegal use of communication facilities by drug traffickers in furtherance of their criminal activities and conspiracies to engage in these activities. I have experience conducting surveillance operations, analyzing telephone records, interviewing witnesses, executing search and arrest warrants, participating in wire and electronic physical surveillance and other investigative techniques. The investigations in which I have participated have resulted in the arrest, prosecution and conviction of individuals who have smuggled, received and distributed controlled substances, including marijuana and cocaine as well as the seizure of those illegal drugs and proceeds of the sale of those illegal drugs.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in this investigation, personal

knowledge and observations during this investigation, as well as the observations of other agents and police officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or are based on my review of records, documents, and other physical evidence obtained during the investigation.

5. This affidavit contains information necessary to support probable cause. It is not intended to include each and every fact and matter observed by me or known to the United States. This affidavit contains information necessary to support probable cause for a criminal complaint charging Carlos A. GUERRA-Colon (GUERRA-Colon) with violation of (a) 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(vi) (Conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N (fentanyl)), and (b) 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Possession with intent to distribute cocaine).

## Probable Cause

6. On March 4, 2025, members of the United States Postal Inspection Service (USPIS), following their policies and procedures, identified and removed a suspicious parcel (hereinafter "Target Parcel") from the mail stream. The Target Parcel was addressed to "Carlos Rosa Blas, Residencial Jose A Aponte, Edificio 16 Apt 158, Aguadilla, Puerto Rico 00603". The Target Parcel was placed in a secured location at the USPIS Annex, located in San Juan, PR. A Puerto Rico Police Bureau (PRPB) agent, with his

assigned canine (K-9), conducted a free air sniff of several parcels, including the Target Parcel. The K-9 positively alerted to the presence of narcotics on the Target Parcel.

7. On March 12, 2025, U.S. Magistrate Judge Marcos E. Lopez, District of Puerto Rico, issued a search warrant for the Target Parcel. USPIS Inspectors executed the search warrant that same day and found the Target Parcel contained two brick-like packages containing a white powdery substance that field tested presumptively positive to the presence of Fentanyl, a Schedule II Controlled Substance, and weighed approximately 2.365 kilograms.

8. On March 18, 2025, in the vicinity of the United States Postal Service (USPS) Aguadilla Main Post Office, located at 50 PR-459 Ste 1, Aguadilla, PR, agents staged a control delivery operation. Agents placed a look-a-like (i.e. sham) substance for Fentanyl inside the Target Parcel. At approximately 2:54 p.m., agents observed GUERRA-Colon enter the post office, approach the counter, and provide the USPS clerk a piece of paper containing tracking number information associated with the Target Parcel and the name Carlos Rosa-Blas. GUERRA-Colon was given the Target Parcel, which contained the sham substance, and then walked outside. Agents proceeded to arrest GUERRA-Colon.

9. Subsequently, agents conduced a search of the work vehicle GUERRA-Colon drove to the post office in after he voluntarily provided

consent to search the vehicle. Prior to the search, GUERRA-Colon admitted to possessing a small amount of cocaine inside the vehicle. During the search, agents recovered 24 small, yellow-tinted zip lock baggies containing a white powdery substance, which tested positive for cocaine, a Schedule II Narcotic Drug Controlled Substance, with a total weight of 0.010 kg.

10. Agents interviewed GUERRA-Colon after advising him of his Miranda rights. GUERRA-Colon indicated he understood his rights and provided a voluntary statement to law enforcement where he related the following facts, among others. GUERRA-Colon admitted he knew the Target Parcel contained drugs. GUERRA-Colon told agents that he was going to get paid $2,000, U.S. currency, to pick up the parcel and give it to another person. GUERRA-Colon indicated he believed the parcel contained two kilograms of cocaine.

## Conclusion

11. Based on the facts contained herein, there is probable cause to believe that GUERRA-Colon committed the following Federal offenses: (a) 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(vi) (Conspiracy to possess with intent to distribute 400 grams or more of a mixture or substance containing a detectable amount of N-phenyl-N (fentanyl)), and (b) 21 U.S.C. § 841(a)(1) and (b)(1)(C) (Possession with intent to distribute cocaine).

I hereby declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge.

_____
SEAN RIOS
Digitally signed by SEAN RIOS
Date: 2025.03.19 12:51:53 -04'00'

Sean H. Rios
Special Agent
Drug Enforcement Administration

Sworn in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone at 1:36 p.m. on the 19th day of March, 2025.

_____
Marcos E. López
Magistrate Judge
United States District Court
District of Puerto Rico